UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO: 8:20-cr-67-WFJ-JSS

LAUREN LATIMER
_____/

### ORDER

Defendant filed a Motion to Determine Competency. (Motion, Dkt. 108.) The court held a hearing on the Motion on October 14, 2022. For the reasons stated below, the court finds that further psychological evaluation of Defendant pursuant to 18 U.S.C. § 4241(b) appears warranted.

### BACKGROUND

Defendant was indicted by a grand jury on four counts of sexual exploitation of a child for purposes of producing child pornography, in violation of 18 U.S.C. § 2251; and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Dkt. 16.)

On January 17, 2020, the court granted Defendant's *ore tenus* motion to undergo psychiatric examination to determine her competency. (Dkt. 7.) Defendant was committed to the custody of the Attorney General, and Dr. Debra Goldsmith was appointed to conduct a psychiatric examination. (*Id*.) On February 14, 2020, the court held a competency hearing wherein Dr. Goldsmith testified that Defendant is competent. (Dkts. 20, 30.) Based on Dr. Goldsmith's testimony and report, the court

found Defendant competent. (Dkt. 30.) On February 19, 2020, the court ordered Defendant detained pending trial. (Dkt. 29.)

Thereafter, defense counsel retained neuropsychologist Dr. Robert Ouaou to perform an examination of Defendant. (Dkt. 108 ¶ 5.) On January 5, 2022, Defendant requested a competency hearing based Dr. Ouaou's November 2021 and January 2022 examinations of Defendant. (Dkt. 75.) Dr. Ouaou found Defendant "suffers from a mental disease/defect, namely major neurocognitive disorder due to autoimmune encephalitis and vascular disease that renders her mentally incompetent." (Dkt. 82-1 at 4.) Dr. Ouaou evaluated Defendant for several hours and performed multiple neuropsychological diagnostic tests documented in his report. (Dkt. 108 ¶ 6; Dkt. 82-1.)

On February 3, 2022, the court held a competency hearing. After considering Dr. Ouaou's psychological report, the court found Defendant incompetent and remanded her to the custody of the Attorney General to be hospitalized for treatment. (Dkt. 84.) Defendant was transferred to the Federal Medical Center in Carswell, Texas (FMC Carswell) and evaluated by forensic psychologist Dr. Matthew Opesso. (Dkt. 108.) On August 19, 2022, Dr. Opesso determined that Defendant suffers from mild neurocognitive disorder and authored a report with his findings, including that Defendant is competent. (Dkt. 99.)

Defense counsel now requests that Defendant be reevaluated by Dr. Ouaou to confirm or refute his original diagnoses. (Dkt. 108 at 1.) The court held a hearing on

the Motion wherein Dr. Ouaou and Dr. Opesso testified regarding their evaluations of Defendant.

## APPLICABLE STANDARDS

Competence to proceed to trial requires that a defendant possess the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[.]" *United States v. Wingo*, 789 F.3d 1226, 1234–5 (11th Cir. 2015) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Pursuant to 18 U.S.C. § 4241(a), "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant. . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." Further, "[t]he court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent[.]" 18 U.S.C. § 4241(a).

Under 18 U.S.C. § 4241(b), prior to the date of a hearing to determine competency, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." The psychiatric or psychological examination must "be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." 18 U.S.C. § 4247(b). "Each examiner shall be designated by the court[.]" *Id*.

For the purposes of an examination pursuant to an order under 18 U.S.C. § 4241(b), "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b). "Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." *Id*.

"A court may order additional psychological testing if it 'desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant[.]'" *United States v. Jones*, 200 F. App'x 915, 921 (11th Cir. 2006) (finding district court did not abuse discretion when it denied request for additional testing at presentencing because district court had "ample information" to determine defendant's competency, including the initial competency examination, a month-long evaluation, and further testing after the competency hearing); *see United States v. Edwards*, No. 2:18-CR-44-FTM-99MRM, 2019 WL 337128, at *2 (M.D. Fla. Jan. 28, 2019) (ordering defendant undergo a second competency evaluation because the conclusion of the first was equivocal).

## ANALYSIS

Defense counsel disputes the determination that Defendant is competent and requests Defendant be reevaluated by Dr. Ouaou using proper neuropsychological testing. (Dkt. 108.) Dr. Ouaou raises concerns with Dr. Opesso's evaluation, including that Dr. Opesso is not a neuropsychologist and diagnosed Defendant without doing any neuropsychological testing. (*Id*. ¶ 12.) Dr. Ouaou also challenges

4

Dr. Opesso's hypothesis that Defendant's hearing deficit incorrectly gives an impression that she is of low intelligence. (*Id.*) Defense counsel argues that Dr. Ouaou took Defendant's hearing deficit into account in performing the neurological testing he employed to reach his diagnosis of major neurocognitive disorder. (*Id.*) Defense counsel now requests Dr. Ouaou be permitted to evaluate Defendant again before the court makes a competency finding. (*Id.* ¶ 15.)

In response, the Government argues that Defendant is not entitled to an additional evaluation prior to a determination of competency as the court will have sufficient information. (Dkt. 114 at 4.) The Government relies on Dr. Opesso's opinion that Defendant can be mistaken for having significant competency issues when in fact the issue is her hearing loss. (*Id.*) Dr. Opesso testified that although a hearing test was requested, Defendant did not undergo a hearing test at FMC Carswell. With regard to Dr. Ouaou, the Government contends that Dr. Ouaou does not note in his report whether any accommodations were made to account for Defendant's hearing, nor did Dr. Ouaou document what impact Defendant's hearing impairment had on testing results. (*Id.* at 2.)

The Government further argues that Dr. Opesso is qualified to administer the same tests that Dr. Ouaou administered. (*Id.* at 4.) However, in his evaluation of Defendant, Dr. Opesso relied on other clinical assessment tools he believes are highly effective, including "direct observations of the defendant on a daily basis by a number of trained professionals, Dr. Opesso's own classroom observations, an interview with the defendant's aunt and hours of one-on-one time between Dr. Opesso and the

5

defendant." (*Id.* at 4.)  Dr. Opesso used these assessments in his diagnosis of mild neurocognitive disorder. (*Id.*)

In reaching his diagnoses, Dr. Opesso relied on the Diagnostic and Statistical Manual of Mental Disorder, Fifth Edition (DSM-5). (Dkt. 99 at 12.) The parties filed an excerpt of DSM-5 that defines the criteria for a diagnosis of mild neurocognitive disorder. (Dkt. 118-1.) The DSM-5 diagnostic criteria requires an impairment "preferably documented by standardized neuropsychological testing or, in its absence, another quantified clinical assessment." (Dkt. 118-1 at 5.)

The term "quantified" is not defined in DSM-5 or Black's Law Dictionary, nor has the phrase "quantified clinical assessment" been addressed by the Eleventh Circuit. However, Merriam-Webster's Dictionary defines "quantify" as "to make explicit the logical quantity of" or "to determine, express, or measure the quantity of." *Quantity*, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/quantify. Further, Black's Law Dictionary defines "quantity" as "[t]he amount of something measurable; the ascertainable number of countable things." *Quantity*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Taking these definitions together, the clinical assessment Dr. Opesso performed does not appear to be quantified. Rather, Dr. Opesso relies on clinical assessments including interviews and observations. (Dkt. 114; Dkt. 99.) Without a standardized neuropsychological test or other quantified clinical assessment, Dr. Opesso's evaluation does not meet the diagnostic criteria for mild neurocognitive disorder under DSM-5.

A quantified clinical assessment, further evaluation, and treatment of Defendant Latimer appears warranted. The court finds the case *United States v. Edwards* persuasive. 2019 WL 337128. In *Edwards*, the defendant moved to determine her competency based on the findings of two doctors that she was incompetent. *Id.* at *1. The government requested she submit to further evaluation. *Id.* The court ordered defendant be evaluated under 18 U.S.C. § 4241(b). *Id.* Defendant was committed for evaluation, and a report was issued by forensic psychologist Ryan Nybo. *Id.* However, the report failed to make a final competency determination and instead recommended defendant be committed for further evaluation and competency restoration procedures. *Id.*

At a status conference, defense counsel urged the court to either find defendant incompetent and submit her to restoration proceedings or conduct a competency determination hearing. *Id.* The government urged the court to submit defendant for a second evaluation. *Id.* The court agreed with the government, reasoning that a court may order a second competency evaluation where the conclusion of the first evaluation was equivocal. *Id.* at *2. The court determined that because Dr. Nybo's report failed to make a competency determination, it was ambiguous and failed to provide sufficient information. *Id.* The court therefore ordered defendant undergo an additional evaluation and committed defendant to the Attorney General's custody. *Id.* Similarly, because Dr. Opesso did not use the required DMS-5 diagnostic criteria to diagnose Defendant with a mild neurocognitive disorder, it appears his report is

ambiguous and fails to provide sufficient information for the court to make a competency determination.

In comparison, in *United States v. Jones*, the district court denied a request for additional testing where it had ample information to determine defendant's competency. 200 F. App'x at 921. There, the court appointed psychologist Dr. Lori Butts to conduct a competency evaluation of defendant. *Id*. at 918. Dr. Butts evaluated defendant over two days and offered an advisory opinion that defendant was not competent and recommended more testing. *Id*. In response, the court ordered a comprehensive evaluation. *Id*. at 919. Thereafter, forensic psychologist Dr. Jorge Luis conducted a month-long psychological evaluation of defendant with objective testing, clinical interviews, and a review of defendant's prison records. *Id*. Dr. Luis offered the definitive conclusion that defendant was competent. *Id*. The court found Dr. Luis' evaluation more persuasive, credited his opinion over that of Dr. Butts, and found defendant competent. *Id*. Further, at the sentencing hearing, the court received additional neurological reports indicating that defendant may have lesions on his brain and may be suffering from Marfan syndrome but concluded that defendant was competent. *Id*. Based on these facts, the Eleventh Circuit found the district court had ample information to determine defendant's competency and did not abuse its discretion in denying defendant's request for additional testing. *Id*. at 921.

Here, the court recognizes the similarities in Dr. Luis' evaluation of the defendant in *Jones* to that of Dr. Opesso's evaluation of Defendant Latimer. Both psychologists performed fulsome clinical assessments. However, unlike Dr. Luis, it

appears Dr. Opesso did not conduct an objective quantified clinical assessment in diagnosing Defendant Latimer with mild neurocognitive disorder. The objective quantified clinical assessment is required for a determination of Defendant Latimer's diagnosis and competence.

Accordingly, the court **RESERVES** ruling on Defendant's Motion to Determine Competency (Dkt. 108) at this time. The parties shall appear at a hearing, to be set by a separate notice, to determine whether Defendant's further commitment to the Attorney General's custody for additional psychological evaluation is warranted under the circumstances.

**ORDERED** in Tampa, Florida, on October 24, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record